UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAMARR ROWELL, )<br>  )<br> Petitioner, )<br>  )<br>vs. )<br>  )<br>JACK PALMER, *et al.*, )<br>  )<br> Respondents. )<br>_____) | 3:10-cv-0044-RCJ-VPC<br><br>**ORDER** |

This is an action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, brought by a Nevada Prisoner. Before the court is respondents' motion to dismiss (docket #11), petitioner's response (docket #13) and respondents' reply (docket #16) along with various other motions filed by petitioner such as a motion for immediate release (docket #14), a motion for declaratory judgment on the constitutionality of NRS 174.035(3) (docket #18), a motion for copy of docket sheet (docket #19) a motion for judicial notice and order of release from state custody (docket #21) and a motion for expedited decision (docket #24).  Respondents have filed a response in opposition to dockets  #17, #18, and #21.

**I.     Procedural History**

Petitioner represented himself with the assistance of stand by counsel.  Petitioner was convicted on a no contest plea to two counts of burglary.  Prior to his entry of the no contest plea, plaintiff moved to dismiss the complaint on the basis that the Nevada burglary statute is

unconstitutionally over broad and vague. Exhibit 3.[1] The motion to dismiss was denied. Exhibit 4, p. 8. Plaintiff entered his plea on the explicit condition that he be able to appeal [the courts] decision from denying the motion to dismiss the Information." Exhibits 7, p. 14. According to the written plea agreement the guilty plea waived the right to appeal the conviction...unless the appeal is based upon reasonable constitutional jurisdictional or other grounds that challenge the legality of the proceedings and except as otherwise provided in subsection 3 of NRS 174.035." Exhibit 6, p. 3.

Following sentencing, including an enhancement under the Nevada habitual criminal statute, plaintiff filed a notice of appeal and with the aid of counsel. The appeal raised five grounds for relief including the claim that the Nevada burglary statute was unconstitutional. The Nevada Supreme Court denied petitioner relief on his claims, considering the merits of all the claims except the attack on the burglary statute. That claim was not considered on its merits, but was denied based on a procedural requirement set forth in Nevada law.

On January 28, 2010, petitioner filed a post-conviction petition for writ of habeas corpus including a claim that the Nevada burglary statute was unconstitutional. At that same time, he proceeded to this court to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Respondents have moved to dismiss the instant petition, which raised a single claim for relief based upon the constitutionality of the Nevada burglary statute, NRS 205.060. They contend that the petition is not ripe for review and that the claim is procedurally defaulted. Petitioner opposed the motion, noting that he had filed a request to withdraw his state post-conviction petition as the claim presented in this petition had been previously presented to the Nevada Supreme Court for its consideration and that that court's decision was in error as its analysis was misplaced because he never actually admitted his guilt in entering a no contest plea.

---

[1] The exhibits referenced in this order were submitted by respondents in support of the Motion to Dismiss and are found in the court's docket at # 11.

## II. Discussion

In his direct appeal opening brief, petitioner claimed:

> Whether Nevada Revised Statute 205.060 is overbreath [sic] and vague on its face, and, therefore, violates the rights to Due Process under Art. I, §8 of the Nevada constitution and Amendment XIV of the U.S. Constitution.

Exhibit 10, pp. 1, 7-9.[2] As noted, respondents move to dismiss the petition, which raises a single claim attacking the constitutionality of the Nevada statute, claiming it is not ripe. Based upon petitioner's motion to withdraw the state post-conviction petition and the fact that the claim was presented to the Nevada Supreme Court on direct appeal, the ripeness argument is moot. Respondents also argue the claim was procedurally defaulted in state court because it was not considered on its merits, but was denied on a procedural rule.

### A. Procedural Default

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, rather than on the merits. A federal court will not review a claim for habeas corpus relief if the state court's decision rested on a state law ground that is independent of the federal question and if the ground is adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> [i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). Before a federal court finds procedural default, it must determine that the state court explicitly invoked a state

---

[2] Petitioner raised a total of five claims on direct appeal. The Nevada Supreme Court addressed all the other claims on their merits.

procedural bar as a separate basis for its decision. *Id.* at 729-30; *McKenna v. McDaniel*, 65 F.3d 1483, 1488 (9th Cir.1995), cert. denied, 517 U.S. 1150 (1996). The state rule cited must be "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States Dist. Court for the E. Dist. of Cal.*, 96 F.3d 1126, 1129 (9th Cir.1996).

In denying this claim, the Nevada Supreme Court recognized the claim as an attack on the constitutionality of the statute, but refused to address the claim on its merits stating:

> Generally, the entry of a guilty plea waives any right to appeal from events which preceded that plea. *See Webb v. State,* 91 Nev. 469, 470, 538 P.2d 164, 165 (1975) "'[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. . . . [A defendant] may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" *Id.* (Quoting *Tollett v. Henderson,* 411 U.S. 258, 267 (1973). However, NRS 174.035(3) presents an exception to the rule. It allows a defendant pleading guilty to reserve in writing the right to appeal an adverse determination on a specified pretrial motion, provided he or she has the consent of the district court and the State.
> Prior to trial, Rowell announced that he would plead guilty to two charges of burglary without negotiations. The district court indicated that it would allow Rowell to preserve the right to appeal the denial of his motion to dismiss the information based on the constitutionality of the burglary statute. However, Rowell did not obtain the State's consent nor did he reserve in writing the right to appeal the adverse determination. Under these circumstances, we conclude that the denial of Rowell's motion to dismiss was not properly preserved for appeal and we decline to consider its merits. [fn. 1 To the extent that the district court and stand-by counsel's assurances to Rowell that he could appeal the motion to dismiss is interpreted as conditionally preserving the right to appeal, we conclude that this claim has not been preserved because the requirements for exemption under NRS 174.035(3) have not been met.

Exhibit 11, pp. 2-3. Thus, the denial of the claim was based upon a state law procedural requirement.

This denial results in a procedural bar only if the state procedural rule is adequate to support the decision and consistently applied by the state court. *Calderon,* 96 F.3d at 1129. Respondents point to seven published or unpublished Nevada Supreme Court decisions which apply this rule in the year 2009. *See* Reply to Motion to Dismiss (docket #16), fn. 1. Respondents argue these cases confirm the procedural bar was adequate to support the state court's denial. However,

4

1   these cases do not account for the inconsistencies found in other Nevada cases, such as *Franklin v.*
2   *State*, 110 Nev. 750, 877 P.2d 1058 (1994) overruled on other grounds by *Thomas v. State*, 115 Nev.
3   148, 979 P.2d 222 (1999). *Franklin* recognized the right to a direct appeal from a judgment of
4   conviction based upon a guilty plea where the direct appeal claims included a challenge to the
5   constitutional validity of the statute, among other issues not pertinent here. *Id.,* at 1059; *see also*
6   NRS 174.063(setting out form of written plea agreement and required contents, which includes
7   language allowing for appeal of constitutional issues); *Woods v. State* 2008 WL 6070828, 3 (Nev.)
8   (Nev.,2008) (unpublished disposition also recognizing same rights).  Thus, the procedural rule at
9   issue here has not been consistently applied to cases in Nevada.
10           Additionally, the Nevada Supreme Court's factual determination that petitioner had
11   failed to obtain the consent of the prosecutor to his retention of this appeal right is belied by the
12   written plea agreement, which contains language identifying the waiver of rights, which specifically
13   excludes a waiver of the right to appeal reasonable constitutional, jurisdictional or other grounds that
14   challenge the legality of the proceedings...." - a document signed by the prosecutor.    Exhibit 6. The
15   factual  determination is also substantially weakened by the fact that the prosecutor was present
16   during the entire guilty plea canvass, heard petitioner's qualified plea and the court's assurance that
17   the right to appeal was retained, and did not offer any objection to the court's assurance or to
18   petitioner's qualified plea. *See* Exhibit 7.  Much as the silence of an individual  can be construed as an
19   adoption of the inculpatory statements made by a co-defendant, the prosecutor's silence in this
20   instance should be construed as an adoption of the court's assurances.  Surely, as an officer of the
21   court, the State's attorney would be bound to interject or offer its objection to the court's
22   representation if it did not, in fact, consent to the retention of this appeal right.
23           Finally, the Nevada Supreme Court's assumption of the facts represented by
24   petitioner's no contest plea is also faulty, as its reference to *Tollet v. Henderson*, 411 U.S. 258 (1973)
25   indicates.  *Tollet* holds that "a guilty plea represents a break in the chain of events which has preceded
26

it in the criminal process" because that guilty plea includes the admission by the defendant in open court that he "is in fact guilty of the offense with which he is charged. . . ." *Id.* at 1608. Petitioner made no such admission in this instance. He did not agree with the facts presented by the State in its proffer of its evidence of guilt. Rather, he admitted to entering the school and that he returned to his car and that he again entered the school. He admitted the state might be able to present evidence of missing property, but he steadfastly refused to admit to any criminal act. Exhibit 7, pp. 16-18. As a result, *Tollet* and its assumptions of admission of guilt is inapposite to this situation, making the Nevada Supreme Court's application of its waiver language also faulty.

Thus, this court concludes that the Nevada Supreme Court's application of the requirements of NRS 173.035(3) is not adequate to uphold the procedural bar, as its application appears to be in error in this instance.

Because the court concludes that the procedural default found by the Nevada Supreme Court as to petitioner's claim for relief in his instant petition is not adequate in this instance to support a procedural bar to this court's review of his claim, the motion to dismiss shall be denied and the respondents shall be required to file an answer thereto.

### III.     Miscellaneous Motions

Petitioner has filed various motions, some duplicative, which seek to have the court address the merits of his argument and release him from custody (dockets #14, #17 and #18). Because these motions are not properly before the court on this petition for writ of habeas corpus, and because the further litigation of the petition will ultimately determine the questions raised therein, these motions shall be denied and the questions left to a determination of the merits of his claim as determined through the court decision after a review of respondents' answer and petitioner's reply. No disposition of his custody status or the constitutionality of the Nevada statutes shall be made by this court prior to that time.

Petitioner moves for a copy of the court's docket (docket # 19) which shall be granted and provided to petitioner by this Order. His motion for expedited decision (#24) shall also be denied, as he presents no argument sufficient to warrant such review.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (docket # 11) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motions for immediate release, and for declaratory judgement (dockets #14, #17 and #18) and for expedited decision (docket #24) are **DENIED.**

**IT IS FURTHER ORDERED** that the motion for a copy of the docket sheet (docket #19) is **GRANTED**.

**IT IS FURTHER ORDERED** that respondents shall have thirty days from entry of this order to file their Answer to the claim raised in the petition. Petitioner shall have thirty days thereafter to file his reply.

Dated this  11th  day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE