

1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

9

10

11

12

13

14

LAMARR ROWELL,                              )
                                            )
                Petitioner,                 )            3:10-cv-0044-RCJ-VPC
                                            )
vs.                                         )            **ORDER**
                                            )
JACK PALMER, *et al.*,                      )
                                            )
                Respondents.                )
_____)

15          This is an action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254,

16   brought by a Nevada Prisoner. Before the court is respondents' Answer (ECF No. 26) and

17   petitioner's Reply (ECF No. 28). Additionally, petitioner has filed a Motion for Preliminary

18   Injunction (ECF No. 30) and respondents' filed an opposition to that motion (ECF No. 31).

19   Petitioner raises a single claim for relief challenging the constitutionality of the Nevada burglary

20   statute as vague. The petition and injunction shall be denied.

21   **I.      Procedural History**

22          During the original criminal proceedings, petitioner represented himself with the

23   assistance of stand by counsel. Petitioner was convicted on a no contest plea to two counts of

24   burglary. Prior to his entry of the no contest plea, plaintiff moved to dismiss the complaint on the

25

26

1    basis that the Nevada burglary statute is unconstitutionally over broad and vague. Exhibit 3.[1] The

2    motion to dismiss was denied. Exhibit 4, p. 8. Plaintiff entered his plea on the explicit condition

3    that he be able to appeal the court's decision denying the motion to dismiss the Information.

4    Exhibits 7, p. 14. According to the written plea agreement, the guilty plea waived the right to appeal

5    the conviction, except for reasonable constitutional, jurisdictional, or other grounds that challenge

6    the legality of the proceedings and except as otherwise provided in subsection 3 of NRS 174.035.

7    Exhibit 6, p. 3.

8          Following sentencing, including an enhancement under the Nevada habitual criminal

9    statute, plaintiff filed a notice of appeal with the aid of counsel. The appeal raised five grounds for

10   relief including the claim that the Nevada burglary statute was unconstitutional. The Nevada

11   Supreme Court denied petitioner relief on his claims, considering the merits of all the claims except

12   the attack on the burglary statute. That claim was not considered on its merits, but was denied based

13   on a procedural requirement set forth in Nevada law requiring such a claim be preserved for appeal

14   in writing. *See* Nevada Revised Statutes (NRS) 174.035(3).

15          On January 28, 2010, petitioner filed a post-conviction petition for writ of habeas

16   corpus including a claim that the Nevada burglary statute was unconstitutional. At that same time,

17   he proceeded in this court with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

18   Although it is not clear from the exhibits presented, respondents report that petitioner was allowed to

19   withdraw his *nolo contendere* plea on June 7, 2010, and he was subsequently tried by a jury and

20   convicted on charges of burglary and possession of a credit or debit card without the cardholder's

21   consent. *See* Exhibits 15, 16, p. 1.[2]

---

23      [1] The exhibits referenced in this order were submitted by respondents in support of the Motion to Dismiss and are found in the court's docket at ECF No. 11.

24

25      [2] Exhibit 15 indicates leave to withdraw a post-conviction petition without prejudice. The exhibit does not indicate withdrawal of a guilty plea. However, Exhibit 16 indicates the petitioner was convicted "pursuant to a jury verdict." Thus, the Court adopts respondents' representations as true.

26

1    Petitioner's petition claims his rights to due process as guaranteed by the First and

2 Fourteenth Amendments were violated because he was charged under Nevada Revised Statutes

3 205.060 with burglary, which is written so that citizens "cannot understand what conduct constitutes

4 the intent to commit larceny at the moment of entering a structure open to the public. . . ."

5 **II.    Habeas Corpus Standard**

6    28 U.S.C. §2254(d), a provision of the Antiterrorism and Effective Death Penalty Act

7 (AEDPA), provides the standards of review  that this Court applies to the petition in this case:

8    An application for a writ of habeas corpus on behalf of a person
      in custody pursuant to the judgment of a State court shall not be
9    granted with respect to any claim that was adjudicated on the merits in
      State court proceedings unless the adjudication of the claim --

10

11    (1)  resulted in a decision that was contrary to, or involved an
      unreasonable application of, clearly established Federal law, as
12    determined by the Supreme Court of the United States; or

13    (2)  resulted in a decision that was based on an unreasonable
      determination of the facts in light of the evidence presented in the State
14    court proceeding.

15 28 U.S.C. §2254(d).

16    A state court decision is contrary to clearly established Supreme Court precedent,

17 within the meaning of 28 U.S.C. §2254, "if the state court applies a rule that contradicts the

18 governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts

19 that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives

20 at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63,

21 (2003) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and *citing Bell v. Cone*, 535 U.S.

22 685, 694 (2002).

23    A state court decision is an unreasonable application of clearly established Supreme

24 Court precedent, within the meaning of 28 U.S.C. §2254(d), "if the state court identifies the correct

25 governing legal principle from [the Supreme Court's] decisions but unreasonably applies that

26
                                                    3

1  principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. at 74, 123 S.Ct. at 1174

2  (*quoting Williams*, 529 U.S. at 413, 120 S.Ct. 1495). The "unreasonable application" clause requires

3  the state court decision to be more than incorrect or erroneous; the state court's application of clearly

4  established law must be objectively unreasonable. *Id.* (*quoting Williams*, 529 U.S. at 409).

5          In determining whether a state court decision is contrary to federal law, this Court

6  looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04

7  (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 122 S.Ct. 324

8  (2001). With respect to pure questions of fact, "a determination of a factual issue made by a State

9  court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the

10  presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1).

11  **III.   Discussion**

12          With his no contest plea withdrawn, petitioner faced trial. Following his conviction

13  after a jury trial, petitioner appealed to the Nevada Supreme Court raising some ten claims for relief

14  including a claim that the burglary and possession of a credit card statutes were unconstitutionally

15  vague. *See* Exhibit 16, p. 1, n.1. The Nevada Supreme Court considered his claims on their merits,

16  but addressed only two of them with any analysis. *Id.* The claims discussed by the Nevada Supreme

17  Court did not include the claim presented here. In addressing that claim, the state court said:

18          On appeal, Rowell challenges his conviction on several grounds, two of
         which warrant discussion. Rowell also contends that : (1) the district court

19       violated his right to a fair and impartial jury, (2) his convictions are not supported
         by sufficient evidence, (3) the district court allowed the State to introduce

20       impermissible "bad act" evidence, (4) *the burglary and possession of a credit
         card statutes are unconstitutionally vague*, (5) instructional error requires

21       reversal, (6) the district court erred in denying his motion for a new trial and
         motion to set aside the jury verdict, (7) he was denied his right to effective

22       assistance fo counsel, and (8) he was denied due process in being sentenced as a
         habitual criminal. Having thoroughly reviewed Rowell's contentions, we

23       conclude that they are without merit.

24  Exhibit 16 (emphasis added). The court went on to address two additional claims with more specific

25  analysis and discussion. *Id.* That court denied relief.

26

1    "The terms of a penal statute creating a new offense must be sufficiently explicit to

2    inform those who are subject to it what conduct on their part will render them liable to its penalties,"

3    while "a statute which either forbids or requires the doing of an act in terms so vague that men of

4    common intelligence must necessarily guess at its meaning and differ as to its application violates

5    the first essential of due process of law." *Connally v. General Const. Co.,* 269 U.S. 385, 391 (1926)

6    citing *International Harvester Co. v. Kentucky,* 234 U. S. 216, 221(1914); and *Collins v. Kentucky,*

7    234 U. S. 634, 638 (1914).  Thus, the Nevada burglary statute must inform the ordinary man in terms

8    he will understand, what acts he is forbade to do.

9           NRS 205.060 states:

10          1. A person who, by day or night, enters any house, room, apartment, tenement,
      shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel,
11    vehicle, vehicle trailer, semitrailer or house trailer, airplane, glider, boat or
      railroad car, with the intent to commit grand or petit larceny, assault or battery on
12    any person or any felony, or to obtain money or property by false pretenses, is
      guilty of burglary.
13

14          Petitioner argues that he is unable to determine "what conduct constitutes the intent to

15    commit larceny at the moment of entry."  However, intent is not conduct, rather it is a purpose or

16    design which brings about the action.  It is not motive.  It is the "state of mind accompanying an act."

17    Black's Law Dictionary, 813, (Bryan A. Garner, ed. 7th ed. 1999).  "Intention is the willingness to

18    bring about something planned or foreseen; the state of being set to do something." *Id.* at 814.  Thus,

19    entering a building or other structure with the intent to commit a crime means entering with a mental

20    thought or plan that a crime would be committed within.  Persons of ordinary intelligence would

21    understand these concepts.  Petitioner, with his multiple burglary convictions, should have an even

22    greater understanding than the ordinary person, arising from his personal experiences.

23          Petitioner's argument to this Court focuses on the public nature of the building he

24    entered and suggests that if a building is open to the public, there can be no unlawful entry, and

25

26
                                             5

1  therefore no burglary.  However, the statute cited offers no requirement of unlawful entry and this

2  argument is, therefore, misplaced.

3              However, this discussion becomes academic in light of the manner in which the

4  Nevada Supreme Court handled the claim and the United States Supreme Court's recent

5  consideration of the applicability of the AEDPA to summary orders denying claims in criminal

6  appeals and post-conviction proceedings.  The Court concluded that in the absence of any indication

7  to the contrary, including state law procedural principals, "when a federal claim has been presented

8  to a state court and the state court has denied relief, it may be presumed that the state court

9  adjudicated the claim on the merits."  *Harrington v. Richter,*  131 S.Ct. 770, 784 -785 (U.S.,2011);

10  *cf, Harris v. Reed*, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is

11  unclear whether a decision appearing to rest on federal grounds was decided on another basis).  The

12  Court noted that this presumption could be overcome if there appears to be some other explanation

13  for the decision.  *Id.*  The Court laid that burden on the petitioner to show that some other

14  explanation exists.

15              Petitioner offers no such alternative explanation for the Nevada Supreme Court's

16  denial, merely contending it was not on the merits.  However, since the court specifically stated the

17  claims were "without merit," this contention, standing alone, fails.  Because petitioner has not

18  demonstrated that the state court's determination was not on the merits or that it was contrary to or

19  an unreasonable application of clearly established federal law, this Court can offer no relief.  The

20  petition must be denied.

21  **IV.    Preliminary Injunction**

22              Petitioner's motion for preliminary injunction merely reiterates the merits of his claim

23  and seeks immediate release from confinement.  The grant of a preliminary injunction is the exercise

24  of a very far reaching power never to be indulged in except in a case clearly warranting it.  *Dymo*

25  *Industries, Inc. v. Tapeprinter, Inc.,* 326 F.2d 141, 143,140 (9th Cir. 1964).  The traditional test for

26

6

1  granting preliminary injunctive relief requires the applicant to demonstrate: (1) a likelihood of

2  success on the merits; (2) a significant threat of irreparable injury; (3) that the balance of hardships

3  favors the applicant; and (4) whether any public interest favors granting an injunction. *See Winter v.*

4  *Natural Res. Def. Counsel, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 375-76 (2008); *Dollar Rent A Car of*

5  *Wash., Inc. v. Travelers Indem. Co.*, 774 F.2d 1371, 1374 (9th Cir.1985).

6          Based upon the foregoing discussion, petitioner has no likelihood of success on the

7  merits of his claim and, therefore, he will suffer no irreparable injury. Moreover, on the question

8  presented here, the only available remedy is a habeas corpus proceeding. *See Preiser v. Rodriguez,*

9  411 U.S. 475, 500, 93 S.Ct. 1827, 1841 (1973).

10         The Motion for Preliminary Injunction shall be denied.

11  **V.      Certificate of Appealability**

12         Should petitioner wish to appeal this decision, he must receive a certificate of

13  appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435

14  F.3d 946, 950-951 (9th Cir. 2006); *see also United States v. Mikels,* 236 F.3d 550, 551-52 (9th Cir.

15  2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional

16  right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529

17  U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the

18  district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack,* 529

19  U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating

20  that the issues are debatable among jurists of reason; that a court could resolve the issues differently;

21  or that the questions are adequate to deserve encouragement to proceed further. *Id.*

22         Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing

23  Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in

24  the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a

25  notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has

26

7

1  considered the issues raised by petitioner, with respect to whether they satisfy the standard for

2  issuance of a certificate of appealability, and determines that none meet that standard.  The Court

3  will therefore deny petitioner a certificate of appealability.

4         **IT IS THEREFORE ORDERED** that the Motion for Preliminary Injunction (ECF
   No. 30) is **DENIED.**

5

6         **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (ECF No.
   4) is **DENIED**.

7         **IT IS FURTHER ORDERED** that no Certificate of Appealability shall issue.

8         The Clerk shall enter judgment accordingly.

9

10  Dated this  21st  day of March, 2011.

11

12

13

14         UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26