UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| LAMARR ROWELL, | ) | |
| Petitioner, | ) | 3:10-cv-00044-RCJ-VPC |
| vs. | ) | **ORDER** |
| JACK PALMER, *et al.*, | ) | |
| Respondents. | ) | |

On March 21, 2011, the court denied petitioner's petition for writ of habeas corpus on the merits (ECF #33).[1] On July 5, 2011, the court denied petitioner's amended motion to set aside the judgment as a second or successive petition (ECF #43). Petitioner filed a notice of appeal, and on September 12, 2011, the Ninth Circuit Court of Appeals denied petitioner's request for a certificate of appealability and denied all pending motions as moot (ECF #49). Now before the court is another motion to set aside judgment, which petitioner filed more than two years later on December 11, 2013 (ECF #50). Respondents opposed (ECF #51).

Federal Rule of Civil Procedure 60 (b) provides that a court may grant relief from final judgment for the following reasons:

---

[1] Petitioner appealed the decision, and the Ninth Circuit Court of Appeals denied his motions for a certificate of appealability, for a preliminary injunction, and for an *en banc* rehearing on April 25, 2011 (ECF #38).

  (1) mistake, inadvertence, surprise, or excusable neglect;

  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

  (4) the judgment is void;

  (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

  (6) any other reason that justifies relief.

Here, petitioner alleges that "as the court recognized" he has never admitted to committing any crime, but only admitted to entering a building open to the public (ECF #50 at 1). He characterizes this as a prima facie showing of actual innocence. *Id*. at 2. As with his earlier motion to set aside judgment, petitioner further attempts to reargue his claim that the Nevada burglary statute is unconstitutional because it is vague as to what constitutes intent to commit larceny (*id*.; *see also* ECF #s 29, 42).

Once again, where, as here, the factual predicate of a Rule 60(b) motion seeks to reassert a ground previously raised and addressed on the merits, it is properly treated as a second or successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Thompson v. Calderon*, 151 F.3d 918, 921 (9th Cir. 1998). Petitioner's arguments are foreclosed under 28 U.S.C. § 2244(b)(1).[2]

The court construes this motion as a second or successive petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, brought without leave of the Ninth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A); *Gonzalez*, 545 U.S. at 529-530; *see also Felker v. Turpin*, 518 U.S. 651, 656-657 (1996).

---

[2] "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."

**IT IS THEREFORE ORDERED** that petitioner's motion to set aside judgment (ECF #50) is **DENIED and DISMISSED** as a second or successive petition pursuant to 28 U.S.C. § 2244(b)(1).

Dated this 30th day of September, 2014.

_____
UNITED STATES DISTRICT JUDGE