UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAMAR ROWELL,<br><br>                 Petitioner,<br>    v.<br>NEVADA, STATE OF et al.,<br>                 Respondents. | Case No. 3:10-cv-00044-RCJ-VPC<br><br>ORDER |

On March 21, 2011, this court denied petitioner Lamar Rowell's *pro se* habeas corpus petition on the merits, and judgment was entered (ECF Nos. 33, 34). Rowell appealed, and the Ninth Circuit denied a certificate of appealability (ECF Nos. 35, 38).

On June 2, 2011, Rowell filed a motion to set aside judgment for fraud on the court, this court denied the motion, and the Ninth Circuit denied a certificate of appealability (ECF Nos. 39, 43, 49).

On December 11, 2013, Rowell filed a motion to set aside judgment; this court denied the motion, and the Ninth Circuit denied a certificate of appealability (ECF Nos. 50, 52, 56).

On June 14, 2017, this court denied Rowell's motion for leave to amend and vacate judgment, motion for evidentiary hearing, and motion or judicial notice of fraud on the court (ECF No. 66). The court of appeals denied a certificate of appealability (ECF No. 69).

Now before the court is what Rowell has styled a motion to deny preclusive effect to state court judgment/motion to set aside order denying habeas petition (docketed as

1

two motions at ECF Nos. 72, 73). He now claims—as he has in earlier motions filed in this closed case—that he was improperly adjudicated a habitual criminal. As this court has explained before, this is a new claim that the same judgment of conviction violated his federal constitutional rights. Thus, the purported motion(s) is in reality a successive petition. 28 U.S.C. § 2244(3)(A) provides: "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Where a petition has been dismissed with prejudice as untimely or because of procedural default, the dismissal constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244. *McNabb v. Yates*, 576 F.3d 1028, 1029-1030 (9th Cir. 2009); *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005).

Rowell's frivolous motions are denied as a successive petition. Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that petitioner's motion to deny preclusive effect to state court judgment as void and motion to set aside order denying habeas petition (ECF Nos. 72 and 73) are both **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner shall file no further documents in this closed case.

DATED: 22 March 2019.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE